IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRACY BERNARD WILLIAMS                                                    PLAINTIFF

v.                                    Case No. 6:18-cv-6067

DR. DANIEL, Ouachita River Correctional
Unit (ORCU); DR. VOWELL, ORCU;
JASON M. KELLEY, Director of Health and
Correctional Programs, ORCU; NURSE
CANNON, ORCU; and CORRECT CARE
SOLUTIONS                                                                DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendants Correct Care Solutions, LLC; Dr. Nannette Vowell; Dr. Thomas Daniel; Jason Kelley; and Veronica Cannon (collectively, the "Moving Defendants"). (ECF No. 27). Plaintiff Tracy Bernard Williams filed a response. (ECF Nos. 35, 36). The Moving Defendants filed a reply. (ECF No. 39). The Court finds the matter ripe for consideration.

### I. BACKGROUND

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Arkansas Department of Correction – Ouachita River Correctional Unit ("ADC"). He asserts three claims against the Moving Defendants, each alleging that one or more of them, in various ways, were deliberately indifferent to his serious medical needs and subjected him to cruel and unusual punishment. (ECF No. 7).

At all times relevant to this case, the ADC maintained an Inmate Grievance Procedure providing inmates an internal administrative mechanism for the resolution of complaints. (ECF No. 28-1, p. 1). The purpose of the Inmate Grievance Procedure is to create "an internal administrative means for the resolution of complaints and the identification of potentially

problematic management areas." (ECF No. 28-1, p. 3).

The grievance policy requires that the inmate include designated information on a Unit Level Grievance Form. (ECF No. 28-1, pp. 1-2). An inmate must "specifically name each individual involved for a proper investigation and response to be completed by the ADC." (ECF No. 28-1, p. 4). The policy further states that "[i]nmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." (ECF No. 28-1, p. 5).

Additionally, the inmate must include a statement that is "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (ECF No. 28-1, pp. 5-6). The Unit Level Grievance Form must be submitted within fifteen days after the occurrence of the incident and it must include the date that the Unit Level Grievance is being completed. (ECF No. 28-1, pp. 5-6). Within five working days after receiving a Unit Level Grievance Decision, an inmate must lodge any appeal to the Deputy Director for Health and Correctional Programs. (ECF No. 28-1, p. 11). The grievance process is completed when the Deputy Director issues a written decision or rejection of an appeal. (ECF No. 28-1, pp. 11-12). If an inmate fails to lodge an appeal within the time to do so, the Deputy Director may choose to not process the appeal. (ECF No. 28-1, p. 11).

In the three-year period before Plaintiff brought this action, he lodged nine formal medical grievances. Plaintiff did not appeal seven of the nine grievances to the Deputy Director as required to complete the grievance process. Those seven grievances are as follows: grievance numbers OR-15-00959, OR-15-01086, OR-15-01424, OR-15-01425, OR-16-00029, OR-17-00132, and OR-18-00587. (ECF Nos. 28-2, 28-3). Plaintiff appealed the remaining two grievances during the relevant period. Specifically, Plaintiff appealed grievance number OR-18-00467[1] to the Deputy Director, but the Deputy Director found that the grievance was untimely and declined to

---

[1] In that grievance, Plaintiff complained that Defendant Vowell discontinued his pain medication on February 23, 2018. (ECF Nos. 28-2, p. 23; 28-3, p. 2).

2

provide an appeal decision on the merits. (ECF Nos. 28-2, p. 19; 28-3, p. 2). Plaintiff also appealed grievance number OR-18-00663[2] to the Deputy Director. (ECF Nos. 28-2, p. 27; 28-3, p. 2). However, Plaintiff did not identify any of the Moving Defendants in grievance number OR-18-00663. (ECF Nos. 28-2, pp. 27-31; 28-3, p. 2).

On November 21, 2018, the Moving Defendants filed the instant motion, contending that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies prior to filing this suit. Plaintiff opposes the motion.

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

---
[2] In that grievance, Plaintiff complained about issues with his blood pressure medication and alleged that a nurse was trying to kill him. (ECF Nos. 28-2, p. 31; 28-3, p. 2).

3

adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

The Moving Defendants contend they are entitled to summary judgment because Plaintiff did not fully exhaust his administrative remedies with respect to his claims against them.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The United States Supreme Court has held that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*.") (emphasis in original). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 599 U.S. at 218. A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

The Eighth Circuit has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining

4

that a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

The ADC Inmate Grievance Procedure requires an inmate to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." (ECF 28-1, p. 4). The inmate must include a statement that is "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (ECF No. 28-1, pp. 5-6). In addition, an inmate must fully exhaust a grievance prior to filing a lawsuit. (ECF No. 28-1, pp. 11-12). Finally, the policy states that "[i]nmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." (ECF No. 28-1, p. 5).

Plaintiff states in his Amended Complaint that he presented the facts relating to his claims through the ADC's written prisoner grievance procedure. (ECF No. 7, p. 2). However, the Moving Defendants have presented proof of the grievances submitted by Plaintiff in the three years prior to the filing of this lawsuit. From the proof presented, it is clear that Plaintiff failed to complete the ADC inmate grievance process with respect to any medical grievance submitted between July 27, 2015 and July 27, 2018, naming Correct Care Solutions, LLC; Dr. Nannette Vowell; Dr. Thomas Daniel; Jason Kelley; or Veronica Cannon. Plaintiff responds to the instant motion by arguing that he fully exhausted certain grievances regarding the Moving Defendants and by explaining that he did not fully exhaust other grievances because he was temporarily hospitalized. Plaintiff does not, however, offer any summary judgment evidence showing that he fully exhausted any grievance regarding his claims against the Moving Defendants or that an exception to the PLRA's grievance requirement excuses his failure to exhaust. Thus, Plaintiff has failed to establish a genuine dispute of material fact regarding exhaustion of administrative remedies. *See*

5

*Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1994) (stating that a party resisting summary judgment must offer evidence supporting a genuine dispute of material fact). Accordingly, the Court finds that Plaintiff's claims against Defendants Correct Care Solutions, LLC; Dr. Nannette Vowell; Dr. Thomas Daniel; Jason Kelley; and Veronica Cannon should be dismissed based on Plaintiff's failure to exhaust his administrative remedies as to those defendants before filing this case.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that the Moving Defendants' Motion for Summary Judgment (ECF No. 27) should be and hereby is **GRANTED**.  Accordingly, Plaintiff's claims against Defendants Correct Care Solutions, LLC; Dr. Nannette Vowell; Dr. Thomas Daniel; Jason Kelley; and Veronica Cannon are **DISMISSED WITHOUT PREJUDICE**.[3]  A judgment of even date shall issue.

**IT IS SO ORDERED**, this 5th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] In light of the fact that this ruling dismisses all of Plaintiff's remaining claims, the Court also finds that Plaintiff's pending Motion to Produce Medical Records (ECF No. 33) and Motion to Compel (ECF No. 34) should be and hereby are **DENIED AS MOOT**.